**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARLANDA ARNAY SMITH, | : | CIVIL RIGHTS COMPLAINT |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3008-RWS-GGB |
| M.L. MERCER, | : | |
|     Defendant. | : | |

## ORDER AND OPINION

Plaintiff has filed the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived

him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

    A. Plaintiff's Allegations

According to Plaintiff, on or about September 12, 2006, his former wife, Marjorie Smith, made three false reports to Defendant M.L. Mercer, a DeKalb

County Police Officer, that Plaintiff had violated a temporary protection order by sending her a greeting card. (Doc. 2 at ¶¶ 41-44.) Plaintiff alleges that Mercer did not conduct an investigation or otherwise obtain any evidence beyond Marjorie Smith's allegations. (Id. at ¶¶ 45-50.) Relying on Ms. Smith's allegations, Mercer obtained a warrant for misdemeanor violation of a temporary protective order. (Id. at ¶ 51; Pet. Ex. 5 at 4.) In obtaining the arrest warrant, Mercer allegedly failed to inform the judge that: (1) Plaintiff's former wife had a history of committing acts of family violence; (2) she had, at that time, a pending criminal charge which concerned an act of family violence; and (3) she and Plaintiff were opposing pro se litigants. (Doc. 2 at ¶¶ 50-51; Pet. Exs. 2-5 and 7-8.) Additionally, Mercer allegedly stated falsely that: (1) he had conducted an investigation, cocaine was involved in the incident; (2) Plaintiff was incarcerated on drug charges; (3) he had committed an act of family violence; and (4) he was evading arrest for violation of a contempt order. (Doc. 2 at ¶¶ 52-57; Pet. Ex. 5 at 1-4.)

On September 12, 2009, a warrant was issued for Plaintiff's arrest on the charge of misdemeanor violation of a temporary protective order. (Doc. 2 at ¶ 58; Pet. Ex. 1.) On September 27, 2009, Plaintiff was arrested. (Doc. 2 at ¶¶ 59-102.) Plaintiff devotes considerable time describing the alleged use of excessive

3

force by police officers not named in this action to effectuate his arrest. (Id. at ¶¶ 62-101.) Plaintiff currently has a civil rights action pending in this Court which addresses that claim. See Smith v. Daniels, Civil Action No. 1:07-CV-2166-RWS. On July 17, 2009, Plaintiff's state criminal case was dead docketed, and he was released from custody. (Doc. 2 at ¶ 107.)

Plaintiff alleges that Mercer violated Georgia law and the Fourth and Fifteenth Amendments to the United States Constitution by: (1) failing to notify Plaintiff of the misdemeanor charge and failing to schedule and conduct an arrest warrant hearing; (2) maliciously obtaining an arrest warrant based on perjury and false statements; (3) failing to take Plaintiff to a probable cause hearing within seventy-two (72) hours of his arrest; (4) proximately causing Plaintiff's injuries suffered during his arrest as a result of obtaining the arrest warrant through false statements and perjury; (5) proximately causing Plaintiff to spend thirty-four (34) months in detention with a resulting loss of income, liberty, and property; (6) causing him severe mental anguish; and (7) intentionally inflicting emotional distress as result of the aforementioned actions. (Doc. 2 at ¶¶ 7, 11, 15, 19, 23, 27-28, 31-32, and 35-37.)

4

Plaintiff seeks money damages. (Id. at pp. 20-22.) Plaintiff also asks that Mercer be charged with violating 18 U.S.C. § 242 (making criminal the deprivation of another's federal rights "under color of any law"). (Doc. 2 at p. 22.)

B. Analysis

Plaintiff alleges several instances of Mercer violating Georgia criminal procedures and tort law. Plaintiff also contends that he was arrested without probable cause as a result of Mercer failing to investigate the claims of Plaintiff's former wife before having him arrested. As indicated in Part I, supra, a federal civil rights action may not be based on violations of state law. However, in rare instances, violations or interpretations of state law may result in an individual being denied their rights under federal law. See e.g. Estelle v. McGuire, 502 U.S. 62, 70 (1991) (indicating that a state evidentiary ruling may violate the Due Process Clause); Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003) (discussing federal claim of malicious prosecution based on state common law and violation of Fourth Amendment right to be free from unreasonable seizure); Charles W. v. Maul, 214 F.3d 350, 355-60 (2d Cir. 2000) (reviewing whether New York's commitment procedures violated due process); see also 28 U.S.C. § 1367

5

(providing federal courts authority to take supplemental jurisdiction over state law claims which accompanying claims of violations of federal law).

Although far from clear that Plaintiff has made out an actionable claim under § 1983, at this preliminary stage in the proceedings, this Court is unable to conclude that this action is without merit. Therefore, Plaintiff's civil rights action will be allowed to proceed.

III. Conclusion

**IT IS ORDERED** that the instant pro se civil rights complaint [Doc. 2] is **ALLOWED TO PROCEED**, pursuant to 28 U.S.C. § 1915A.

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form and summons. Plaintiff is **DIRECTED** to complete the USM 285 form and summons and to return one of each for Defendant within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include

6

two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the complaint and one (1) copy of this Order. The Clerk shall retain the USM 285 forms and the summonses.

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, he must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED**

to personally serve Defendant, if he failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant or her counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or her counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of that discovery period. See N.D. Ga., LR 26.2.A & B.

**IT IS SO ORDERED**, this  6th  day of January, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE