IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARLANDA SMITH, | : |
|     Plaintiff, | : |
| v. | :   CIVIL ACTION NO. |
| | :   1:09-CV-3008-RWS |
| M.L. MERCER, | : |
|     Defendant. | : |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Amend [52], Plaintiff's Motion for Reconsideration [63], Plaintiff's Motion for Sanctions [66], and Defendant's Motion for Summary Judgement [67]. After a review of the record, the Court enters the following order.

A. Motion for Reconsideration of Protective Order

Plaintiff first moves this Court to reconsider a protective order which prevents the Plaintiff from contacting Defendant's now-former counsel at her home residence. As there is no reason why the Plaintiff should be calling Ms. Raspberry at home, that motion [63] is **DENIED**.

B. Motion to Amend

Plaintiff moves to amend his complaint to join two additional defendants–Soloman Daniels and Jacquelyn Phillips–in their individual and official capacities. He seeks to assert a Section 1983 civil rights action for violations of the Fourth and Fourteenth Amendments and related state-law claims of false arrest, false imprisonment, and malicious prosecution against these new defendants.

Plaintiff previously attempted to bring similar claims in a prior suit against Daniels and Phillips. However, those requests were denied because those claims were not yet ripe under the holding of Heck v. Humphrey, 512 U.S. 477 (1994). See Smith v. Daniels, 1:07-CV-2166-RWS, Dkt. No. [95] at 2-3 (denying Plaintiff's section 1983 and related claims on Heck grounds). In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed, expunged or declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. Consistent with that

AO 72A
(Rev.8/82)

holding, this Court ruled that if the Plaintiff was able ever to satisfy Heck, he would be able to bring his claims in another suit.

On September 27, 2010, the statute of limitations expired on the underlying criminal case against the Plaintiff without adjudication.  Therefore, Plaintiff's criminal case was resolved in his favor and any derivative claims are now ripe.

Defendant opposes this amendment by solely stating that "Mr. Smith had a full and fair opportunity to assert any and all claims against Daniels and Phillips" in the prior litigation. Dkt. No. [53] at 3.  However, as seen above, these now-asserted claims could not have been brought until his criminal case was resolved in his favor, and, in fact, Plaintiff tried to bring them in the prior suit and was denied.  Since these claims arise out of the same series of occurrences as the claims against Mercer, and Defendant has cited no other ground for challenge (not even futility), Plaintiff's Motion to Amend is **GRANTED**.  See Fed. R. Civ. P. 20(a)(2)(A) (stating that persons may be joined if any right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences").

C. Motion for Sanctions

3

AO 72A
(Rev.8/82)

Plaintiff also moves to sanction Defendant for failing to adequately respond to Plaintiff's interrogatories and production of documents–even after the Court ordered the Defendant to do so. The Court finds that the Defendant's conduct warrants sanctions.

Following the Court's order to supplement Interrogatories 1, 2, 10, and 11[1] of Plaintiff's Second Set of Interrogatories and various productions of documents, the Defendant filed a supplemental response which was not responsive to the interrogatories. Defendant simply recited her objections which were previously denied–that the interrogatories were vague, overbroad, or cumulative. See Dkt. No. [66-1] at 3-6 (outlining the Defendant's supplemental responses); Dkt. No. [51] at 3 (previously rejecting Defendant's objections to the at-issue interrogatories). However, it appears that the Defendant did produce thirty-nine documents to satisfy the production requests.[2]

---

[1] In the previous order, the Court accidentally referred to interrogatories 10 and 11 as requests from Plaintiff's First Set of Interrogatories. However, Plaintiff's First Set of Interrogatories only included eight requests. Therefore, the Court makes clear that interrogatories 10 and 11 are from Plaintiff's Second Set of Interrogatories.

[2] Plaintiff appears to confuse document production with proving a legal claim. The Defendant produced all documents upon which she based her "knowledge" of various factors pursuant to his requests. If those documents do not actually prove her knowledge,

4

Three days following that insufficient production, on April 4, 2011, defense counsel was substituted. Dkt. No. [58]. The next day, Plaintiff sent a letter to Defendant's former counsel–Ms. Raspberry–disputing the supplemental production. Defendant's new counsel, Mr. Reed, was on vacation April 4-11 and was out of office taking depositions the following week. Aff. Reed, Dkt. No. [70-1] at ¶ 4. However, Mr. Reed did speak with the Plaintiff on April 12th and April 18th and explained that he would not be able to provide any additional supplementation until after the 20th. Id. at ¶¶ 4, 6-7. Plaintiff had also filed a good faith letter in his related state case which required a response during this period. Id. at ¶ 8. Defendant then re-supplemented her responses on May 6, 2011, and the Plaintiff has not objected to these supplementations. See Dkt. Nos. [72, 73] (certifying service of Defendant's Second Supplemental Responses).

Due to these delays, Plaintiff requests that the Defendant's answer be stricken and a default sanction be entered against the Defendant. While the

---

that is an argument that the Plaintiff would make to the jury–not to a judge to order discovery sanctions. When Defendant produces all documents that are relevant to the request, her obligation is satisfied. Any inferences taken from the documents are not properly dealt with at this stage of the litigation and thus do not warrant sanctions.

5

Court does find that the Defendant's conduct warrants sanctions, the Court does not find that a default sanction is appropriate.

Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure authorizes the Court to sanction a party for failing to comply with a discovery order by striking pleadings and granting default judgment.  However, in doing so, the Court must find that the disobedient party was wilful or acted in bad faith, and that lesser sanctions are not sufficient. Rasmussen v. Central Fla. Council Boy Scouts of Am., 412 Fed. App'x 230, 232 (11th Cir. 2011).

Here, the Court finds that a lesser sanction is appropriate.  The Court notes that while Plaintiff moved to stay his own summary judgment filing deadline, Plaintiff did not move to stay his briefing obligation to the Defendant's motion. See Dkt. No. [65]. As he did not respond to Defendant's Motion for Summary Judgment, that motion is unopposed. LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").  However, in light of the Defendant's frivolous first supplemental response, the Court will *sua sponte* grant the Plaintiff an opportunity to respond to the motion for summary judgment.  This sanction is appropriate as it

6

provides the Plaintiff additional time to review the second supplemental responses and to prepare any opposition.

Therefore, in light of Plaintiff's granted motion to amend, the parties will have 60 additional days from the date of this order to complete all discovery–on all claims and all Defendants. Following the close of discovery, the parties are granted an additional 30 days to file motions for summary judgment. Defendant's previously filed motion for summary judgment [67] is thus **DENIED, without prejudice and with the right to refile** upon the completion of the new discovery period.

D. Conclusion

Plaintiff's Motion for Reconsideration [63] is **DENIED**. However, Plaintiff's Motion to Amend [52] is **GRANTED**. The Amended Complaint [52-1] attached as Exhibit 1 to Plaintiff's motion is deemed filed the date of entry of this Order. Soloman Daniels and Jacquline Phillips are joined in their individual and official capacities as defendants. Plaintiff may proceed to perfect service on these new Defendants. The discovery period is extended two months from the date of this order, and the parties will have an additional 30 days from the close of discovery to file motions for summary judgment. As

7

well, Plaintiff's Motion for Sanctions [66] is **GRANTED** in so far as sanctions are warranted, but **DENIED** as to the requested remedy.  Defendant's Motion for Summary Judgment [67] is **DENIED, without prejudice and with the right to refile** following the close of discovery.  Plaintiff will then be given an opportunity to oppose any motion for summary judgment filed by Defendant Mercer.

      **SO ORDERED** this   27th   day of July, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE