# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ARLANDA ARNAY SMITH, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:09-CV-3008-RWS
M.L. MERCER, *et al.*, :
:
    Defendants. :
:

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Sanctions [96], Plaintiff's Motion to Strike Selected Exhibits [111], Plaintiff's Motions to Strike Defendant Mercer's Affidavits [112, 113], Plaintiff's Motion for Leave to File a Cross-Motion for Summary Judgment [114], and Plaintiff's Motion for Leave to File Excess Pages [116]. After a review of the record, the Court enters the following order.

### **A. Motion for Sanctions**

For the second time, Plaintiff has filed a motion for sanctions requesting that this Court punish Defendant Mercer for evading service. On March 4, 2011, this Court denied Plaintiff's request to sanction Defense Counsel

Raspberry for telling Mercer to evade service and Defendant Mercer for filing stalking charges against the Plaintiff. The Court found that the Plaintiff did not produce any evidence that Mercer was actively avoiding service. Dkt. No. [51] at 4. Plaintiff has now moved this Court to sanction Mercer and Raspberry for Mercer's conduct in avoiding service, and he seeks an award of the service costs the Marshals incurred in attempting to serve Mercer six times and the costs he incurred in filing this motion. Dkt. No. [96].

First, it appears that this is a motion for reconsideration couched in a new motion for sanctions. Plaintiff essentially requests this Court to revisit its prior determination that no evidence was produced in March of 2011 that Mercer evaded service. Now, Plaintiff has attached his March 2, 2011 trial transcript in which Mercer was asked during his stalking trial why she did not accept service by waiver. Therefore, because Plaintiff has arguably presented new evidence, the Court will reconsider the matter. See Jones v. Zenk, 495 F. Supp. 2d 1289, 1310 (N.D. Ga. 2007) (finding that a motion for reconsideration is proper when plaintiff there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'").

2

However, this new evidence does not prove that Mercer was attempting to evade service. Notably, Mercer never admits that she was evading service and in fact states that while she did require personal service on advice of counsel, once she obtained a telephone number for the serving Marshal, she called and arranged personal service. She also stated that Raspberry did not tell her to "violate any rules." Dkt. No. [96] at 8-13. While Mercer clearly does not have a right to evade personal service, she does have a right to demand it at first instance.

As well, the Court notes that even if Mercer had evaded service, the costs Plaintiff seeks to be reimbursed were not paid by him. Plaintiff is proceeding *in forma pauperis*; thus, he did not pay any service costs which would be reimbursable to him. See Lozano v. Pace, 2005 WL 1629644, at *3 (E.D.N.Y. July 11, 2005) (finding that a *pro se* Plaintiff proceeding *in forma pauperis* was not entitled to the costs of personal service as he did not pay those costs). As well, because the Court finds no merit in Plaintiff's motion, he is not entitled to his filing and copying costs relating to it. Therefore, Plaintiff's Motion for Sanctions [96] is **DENIED**.

AO 72A
(Rev.8/82)

**B. Plaintiff's Motion for Leave to File a Cross-Motion for Summary Judgment and Leave to File Excess Pages**

Plaintiff next requests this Court to allow him to file a 122-page cross motion for summary judgment out of time. Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The question, then, is whether the Plaintiff failed to act because of excusable neglect.

The parties' summary judgment deadline was set pursuant to a consent order as November 29, 2011. Dkt. No. [91]. Pursuant to Local Rule 56.1(D), summary judgment shall be filed not later than 30 days after the close of discovery. Thus, Plaintiff's summary judgment brief was due December 29, 2011. However, Plaintiff did not file his excessively long summary judgment brief until January 18, 2012.

Plaintiff argues that he should be allowed to file his out-of-time brief. He states that judicial economy would be served as the Plaintiff would be allowed to combine his motion for summary judgment with his opposition to the

4

Defendants' motion. As well, Plaintiff alleges that he has good cause because the Defendants did not respond to his discovery request until December 19, 2011, 20 days after the close of discovery. As well, he alleges that defense counsel refused to meet with him until January 13, 2012 to physically copy documents the Plaintiff requested. Dkt. No. [114].

The Court finds that Plaintiff's failure was not excusable. First, the only reason why Defendants responded to his discovery request after the close of discovery was because Plaintiff did not file his request until November 17, 2011. Thus, production within the discovery window was not even possible, and even though Plaintiff's request was improper, the Defendants still responded. As well, Plaintiff asked defense counsel on December 23, 2011 to meet on December 30, 2011. However, on December 30th, Plaintiff emailed the defense and stated that he wanted to "take the time to review [Defendants'] motion for summary judgment" and asked to meet January 6th. However, Plaintiff did not appear on the 6th and only finally appeared to review the documents on January 13th. Reed Aff. at ¶¶ 6-11. Interestingly, Plaintiff wrote in an email prior to the summary judgment deadline that his motion was already prepared absent the discovery he had yet to go and copy. Thus, the court does

5

not find that Plaintiff's twenty-day neglect is excusable. Plaintiff's motion for leave to file his cross-motion for summary judgment [114] is **DENIED**.

Additionally, Plaintiff seeks leave to file his combined opposition brief and cross-motion for summary judgment as one, 122-page document. That request [116] is **DENIED**. Plaintiff is **ORDERED** to produce an opposition brief which complies with the local rules–including the standard page limitation–within 21 days of this order. Plaintiff will not be granted leave to file a brief longer than the standard 25-page limit. See LR 7.1(D), NDGa. Plaintiff is additionally reminded that he is to follow the local rules when drafting his responsive statement of material facts. He is to either admit or deny each fact in a nonargumentative fashion and he is not to state that he has "insufficient knowledge" to admit or deny Defendants' facts as Federal Rule 56(d) is no longer appropriate in this case. See LR 56.1(B)(2)(a)(4). Any such statement to that effect will be treated as an admission.

### C. Motions to Strike

Plaintiff has additionally filed motions to strike Defendant Mercer's affidavits, the domestic violence short form, the greeting card, the DeKalb County incident reports, Mercer's docket notes, her civil case search, her OJS

civil docket sheets, and her recording of her interview with Marjorie Smith. Motions to strike are typically denied "unless the matter sought to be admitted has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party." Allen v. Life Ins. Co. of No. Am., 267 F.R.D. 407, 410 (N.D. Ga. 2009). After reviewing Plaintiff's objections to each piece of evidence, the Court finds that none of the evidence is irrelevant, confusing, or otherwise prejudicial. The hearsay Plaintiff complains of is either not offered for the truth of the matter or meets a hearsay exception. As well, the Court does not find that Plaintiff has been "sandbagged" by a document that was not produced during the discovery period–Plaintiff received all of the evidence prior to November 29, 2011. Also, Plaintiff clearly misunderstands the attachment requirement of Federal Rule 56 as an affiant is able to offer statements within his personal knowledge that do not refer to a specific document without attaching any documents. Thus, Plaintiff's motions to strike [111, 112, 113] are **DENIED**.

### D. Conclusion

Plaintiff's Motion for Sanctions [96], Plaintiff's Motion to Strike Selected Exhibits [111], Plaintiff's Motions to Strike Defendant Mercer's

7

Affidavits [112, 113], Plaintiff's Motion for Leave to File a Cross-Motion for Summary Judgment [114], and Plaintiff's Motion for Leave to File Excess Pages [116] are **DENIED**. Plaintiff is **ORDERED** to produce an opposition brief to Defendant's Motion for Summary Judgment which complies with the local rules–including the standard page limitation–within 21 days of this order. Failure to do so will leave Defendants' motion unopposed.

**SO ORDERED**, this  16th  day of April, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)