IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARLANDA ARNAY SMITH, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-CV-3008-RWS |
| M. L. MERCER, *et al.*, | : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Plaintiff Arlanda Arnay Smith's ("Plaintiff") Motion to Amend Order [148], Motion for Leave to File Brief in Excess of Page Limitation [149], and Motion for Reconsideration [150]. Also before the Court is an issue remanded to this Court by the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit")[156]: "whether [Plaintiff] is entitled to relief and a correction of the record" with regard to the date he filed his Notice of Appeal [140]. After reviewing the record, the Court enters the following Order.

## **Background**

This matter arises out of Plaintiff's Motion to Amend [148] and Motion for Reconsideration [150] of this Court's Order [136]. This Court filed its

Order granting Defendants M.L. Mercer, Solomon Daniels, and Jacquelyn Phillips's (collectively, "Defendants") Motion for Summary Judgment [106] on July 13, 2012.  The Clerk of Court subsequently entered judgment for Defendants on July 16, 2012.  (J., Dkt. [137].)

On August 16, 2012,[1] Plaintiff filed his Notice of Appeal [140] of this Court's July 13, 2012 Order [136] and this Court's April 16, 2012 Order [128] "denying Plaintiff's Motion to Strike Selected Exhibits [Doc. 111], Plaintiff's Motions to Strike Defendant Mercer's Affidavits [Doc. 112, 113], and Plaintiff's Motion for Leave to File Excess Pages [Doc. 116]."  (Notice of Appeal, Dkt. [140] at 1.)  Plaintiff's appeal is currently pending before the Eleventh Circuit.

---

[1] Plaintiff disputes the date reflected in the record, and argues that he filed his Notice of Appeal [140] on August 13, 2012.  (Mot. to Amend Order, Dkt. [148].)  Plaintiff first asserts that he mailed his Notice of Appeal to the Court on August 11, 2012.  (Id. at 1-2.)  On August 13, 2012, after Plaintiff discovered the Notice of Appeal had not arrived and that the deadline to file was approaching, Plaintiff e-mailed his notice to the Court's deputy clerk and opposing counsel.  (Id. at 2.)  When Plaintiff discovered that the record listed his Notice of Appeal filing date as August 16, 2012, Plaintiff once again contacted the Court's deputy clerk to attempt "to correct the error."  (Id. at 3.)  Plaintiff contends that neither the deputy clerk "nor this Court has responded to either electronic mail message or corrected the filing date of the notice of appeal."  (Id.)

2

Plaintiff subsequently filed his Motion to Amend Order [148], Motion for Leave to File Brief in Excess of Page Limitation [149], and Motion for Reconsideration [150] on November 13, 2012.  These three motions are currently before the Court.

The Eleventh Circuit remanded a limited issue in Plaintiff's appeal to this Court.  (USCA Order for Limited Remand, Dkt. [156].)  Specifically, the Circuit granted this Court leave to determine whether pursuant to Federal Rule of Civil Procedure ("FRCP") 60(a) Plaintiff is entitled to relief and a correction of the record.  (Id. at 2.)  "As the record stands, the notice of appeal, which [Plaintiff] apparently filed in the district court on August 16, 2012, is untimely to challenge the district court's July 16, 2012 final judgment."  (Id. at 1.)  Plaintiff, however, argued to the Eleventh Circuit that he timely filed his appeal on August 13, 2012.  (Id. at 1-2.)  Accordingly, this issue is also before the Court.  Upon making its determination, the Court "shall return the record, as supplemented, to [the Eleventh Circuit] for further proceedings."  (Id. at 1.)

## Discussion

**I.     Plaintiff's Motion to Amend Order [148]**

Plaintiff first moves the Court to "amend the date of filing of his notice of

3

appeal or extend the time for filing his notice of appeal."  (Mot. to Amend Order, Dkt. [148] at 1.)  Plaintiff contends that he timely submitted his notice of appeal to the Court on August 13, 2012, but the Clerk of Court mistakenly filed Plaintiff's notice on August 16, 2012, which is past the deadline for filing such notice.  (Id., at 3.)  Alternatively, Plaintiff argues that he is able to show "excusable neglect" or "good reason," giving him the right to amend his notice of appeal under FRCP 60(b)(1).  (Id., at 3-7.)  Defendants respond that the Court should deny Plaintiff's Motion to Amend because it is untimely.  (Defs.' Resp. to Pl.'s Mot. to Amend Order, Dkt. [151] at 1.)

The Court agrees with Defendants.  Pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(A), "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  However, the district court may extend the time for a party to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this [FRAP] 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A); see Leonard v. Holmes, 335 F. App'x. 896, 897 (11th Cir. 2009) (providing that a district court may extend the time for a party to file a notice of

4

appeal if that party (1) moves for an extension within sixty days of judgment and (2) shows "excusable neglect or good cause"). If a party does not file its motion for an extension of time within the sixty-day window, the party is "not even entitled to file [its] motion for an extension of time to file his notice of appeal, and thereby initiate the 'excusable neglect or good cause' inquiry of [FRAP] 4(a)(5)." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1114 (11th Cir. 1993).

Plaintiff did not file his Motion to Amend Order [148] until November 13, 2012, 120 days after this Court's July 13, 2012 Order [136]. As this motion was filed beyond the sixty-day window allowed under FRAP 4(a)(5)(A), the motion is untimely and the Court need not pursue the "excusable neglect or good cause" inquiry. Accordingly, Plaintiff's Motion to Amend Order [148] is **DENIED**.

## II.   Plaintiff's Motion for Reconsideration [150]

Plaintiff also filed a Motion for Reconsideration [150] of this Court's July 13, 2012 Order [136] and this Court's April 16, 2012 Order [128] "denying [Plaintiff]'s evidentiary objections stated in his Motion to Strike Selected Exhibits [Doc. 111], his Motion to Strike Mercer's Affidavit [Doc. 112, 113],

5

and his Response to [Mercer, Daniels and Phillips'] Statement of Undisputed Material Facts [Docs. 117 AND [sic] 131]." (Pl.'s Mot. for Recons., Dkt. [150] at 1.)  Defendants argue that the Court should deny Plaintiff's Motion for Reconsideration because it was not timely filed under FRCP 59.  (Defs.' Resp. to Pl.'s Mot. for Recons., Dkt. [152] at 3.)

The Court agrees with Defendants.  FRCP 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[2]  Fed. R. Civ. P. 59(e).  The Court does not have the authority to extend this deadline, as FRCP 6(b)(2) states that "[a] court must not extend the time to act under [FRCP] . . . 59 . . . (e)."  Fed. R. Civ. P. 6(b)(2).

Based on this Court's July 13, 2012 Order [136], the Clerk of Court entered judgment for the Defendants on July 16, 2012.  (J., Dkt. [137].) Plaintiff's Motion for Reconsideration, filed on November 13, 2012, was filed four months after the Clerk of Court entered the judgment.  Because FRCP 59(e) only allows twenty-eight days to file this type of motion, Plaintiff's

---

[2] In addition, Local Rule 7.2E provides that "[w]henever a party . . . believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment."

6

Motion for Reconsideration [150] was not timely filed and is therefore **DENIED**.

### III. Plaintiff's Motion for Leave to File Brief in Excess of Page Limitation [149]

Plaintiff also asks the Court for leave to file his Brief in Support of Plaintiff's Motion for Reconsideration, which is twenty-five pages over the limit provided by the Court's local rules.[3] (Pl.'s Mot. for Leave to File Br. in Excess of Page Limitation, Dkt. [149] at 1.) Because the Court has denied Plaintiff's Motion for Reconsideration, Plaintiff's motion to file a brief in support thereof with excess pages is **DENIED as moot**.

### IV. Issue on Remand

Finally, the Eleventh Circuit remanded Plaintiff's appeal to this Court [156] to decide "whether [Plaintiff] is entitled to relief and a correction of the record" with regard to his Notice of Appeal [140] filing date. The Eleventh Circuit noted, "As the record stands, the notice of appeal, which [Plaintiff] apparently filed in the district court on August 16, 2012, is untimely to challenge the district court's July 16, 2012 final judgment. Any notice of

---

[3] See LR 7.1D ("Absent prior permission of the court, briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages.").

7

appeal had to be filed by August 15, 2012." (USCA Order for Limited Remand, Dkt. [156] at 1 (citing Fed. R. App. P. 4(a)(1)(A)).) Plaintiff moved the Circuit Court to remand his appeal "to the district court to correct the alleged clerical error in the record under [FRCP] 60(a) & (b)." (Id. at 2.) Accordingly, the Eleventh Circuit remanded the proceedings to this Court to rule on Plaintiff's FRCP 60(a)[4] motion. (Id.) See Gormong v. Local Union 613, IBEW, 714 F.2d 1109, 1110 (11th Cir. 1983) (noting that an appellate court must grant a district court leave to rule on a FRCP 60(a) motion after a notice of appeal has been filed).

After reviewing the record, the Court finds that Plaintiff is entitled to a correction of the record regarding his Notice of Appeal filing date. Plaintiff asserts that he mailed a paper copy of his Notice of Appeal to this Court on August 11, 2012. (Mot. to Amend Order, Dkt. [148] at 1.) On August 13,

---

[4] FRCP 60(a) provides:

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such mistake may be corrected only with the appellate court's leave.

8

2012, Plaintiff discovered that his mailed Notice of Appeal had not been filed with the Court, so Plaintiff e-mailed the Court's deputy clerk and opposing counsel a copy of the Notice so that it would be timely delivered. (Id. at 2.) However, because Plaintiff is a pro se non-attorney litigant, he is not permitted to electronically file documents. (Electronic Case Filing Standing Order 04-01, N.D.Ga. ¶ 6.) H is required to file all documents with the Court in paper form. (Id.)

On August 20, 2012, after discovering that his Notice of Appeal was filed by the Clerk of Court on August 16, 2012, Plaintiff promptly contacted the Court's deputy clerk and asked him to correct the error. (Id.) Plaintiff contends that neither the deputy clerk "nor this Court has responded to either electronic mail message or corrected the filing date of the notice of appeal." (Id.)

Due to the diligence and good faith efforts of this pro se Plaintiff in filing his Notice of Appeal [140], the Court concludes that the record should reflect a filing date consistent with the actions of Plaintiff in submitting his notice of appeal to the Clerk in two separate forms by August 13, 2012. Under FRCP 60(a), the Court **ORDERS** the Clerk of Court to enter a corrected filing date of August 13, 2012. The corrected filing date renders Plaintiff's Notice of Appeal

9

timely. The Court **ORDERS** that the record, as supplemented, be returned to the Eleventh Circuit for further proceedings.

## Conclusion

In accordance with the foregoing, Plaintiff's Motion to Amend Order [148] and Motion for Reconsideration [150] are **DENIED** and Plaintiff's Motion for Leave to File Brief in Excess of Page Limitation [149] is **DENIED as moot**. It is further **ORDERED** that the filing date of Plaintiff's Notice of Appeal [140] be corrected on the record to reflect August 13, 2012. The record, as supplemented, shall be returned to the Eleventh Circuit for further proceedings.

    **SO ORDERED**, this  15th  day of April, 2013.


                                                **RICHARD W. STORY**
                                                United States District Judge